1
2
3
4
5       **UNITED STATES DISTRICT COURT**
6       **DISTRICT OF NEVADA**
7                    * * *

8  DIANE CRUMP-RICHMOND,                 )
                                          )
9             Plaintiff(s),               )    2:05-CV-1309-RLH-GWF
                                          )
10       vs.                              )    **O R D E R**
                                          )    (Motion for Attorney's Fees–#25)
11 FRANK ARAMBULA; and CLARK              )
   COUNTY SCHOOL DISTRICT,                )
12                                        )
              Defendant(s).                )
13 _____)

14         Before the Court is Defendant Clark County School District's Motion for Attorney's

15 Fees (#25). Plaintiff's Opposition (#28) and the School District's Reply (#29) are also considered.

16         This lawsuit arises out an altercation between a School District police officer and a

17 school teacher. On January 13, 2005, Officer Arambula and his partner pulled over a car in the

18 parking lot of Desert Pines High School. Ms. Crump-Richmond approached the vicinity of the car

19 during the stop and was handcuffed for a short time by officer Arambula, who stated that she was

20 obstructing a police officer by her refusal to move away from the car the officer had stopped. No

21 charges were filed and she was released. She claims the officer used excessive force when

22 handcuffing her and that he had no reason to handcuff her in the first place.

23         Both Officer Arambula and the Clark County School District were sued. The Court

24 granted summary judgment on behalf of the School District, but denied it as to the officer, on the

25 ground that there were material questions of fact as to whether the officer used excessive force.

26 Clark County School District now seeks attorney's fees pursuant to 42 U.S.C. § 1988, claiming that

                                               1

Plaintiff Diane Crump-Richmond's *Monell*[1] claims were "unreasonable, frivolous, meritless, or vexatious." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Plaintiff contests the motion on several grounds: that the motion is premature, that the Defendants' attorney is the same for both and the work identified were done for both Defendants and should not all be awarded on behalf of one, and, that being unsuccessful in her *Monell* claim is not tantamount to being "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983).

The Court will decide the motion on the latter ground. The motion is not untimely. Because the Court will deny the motion, it is unnecessary to distinguish between work done for one defendant *vis-a-vis* another.

The Supreme Court noted in *Hanrahan v. Hampton*, 556 U.S. 754, 758 n.4 (1980), that "[t]he provision for counsel fees in §1988 was patterned upon the attorney's fees provisions contained in Title II and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a-3(b) and 2000e-5(k). . . ." Therefore, the standards set forth in various Supreme Court decisions, whether they address §1983 or Title VII claims, are applicable in all cases in which Congress has authorized the award of fees to a "prevailing party."

It is prudent to mention that the right to recover attorney's fees by the prevailing party is not equal between plaintiffs and defendants. Under the Civil Rights Attorney's Fees Act, a prevailing defendant may recover attorney fees only when the suit is vexatious, frivolous, unreasonable, without foundation, or brought to harass or embarrass a defendant. 42 U.S.C. §1988; *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 421.

The seminal case is *Hensley v. Eckerhart*, mentioned above. Next in significance appears to be *Farrar v. Hobby*, 506 U.S. 103 (1992), although there are other Supreme Court cases which are in accord. Most subsequent cases address the standards pronounced in one or both of

---

[1]*Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).

these cases. The Ninth Circuit has adhered to the principles established in those cases. *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied,* 513 U.S. 1000 (1994) ("[A] prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be 'unreasonable, frivolous, meritless, or vexatious.'"); *Mitchell v. Los Angeles County Superintendent of Schools*, 862 F.2d 198, 202 (9th Cir. 1988), *cert. denied,* 490 U.S. 1081 (1989) ("In a civil rights case, fees may be awarded against an unsuccessful plaintiff only if his action is 'meritless in the sense that it is groundless or without foundation.'").

While it is true that the Court dismissed the *Monell* claims against the Clark County School District because there was insufficient evidence of a policy or inadequate training giving rise to a constitutional violation, that does not mean the claims were groundless, vexatious, frivolous or brought merely to harass or embarrass the School District.

The action against the officer is based upon actions taken within the scope of the officer's duties. It is not unreasonable to assume that the officer was acting in accordance with the policies and procedures he had been taught to follow. Thus, assuming there may likely be violations based upon *Monell* is not unreasonable, groundless or without foundation. The fact that Plaintiff was unable to discover any policies or training (or inadequate training) which resulted in any excessive force by the officer does not make the original assumption frivolous. It was merely mistaken, and not sufficient grounds to grant an award of fees pursuant to Section 1988.

The Court does not want this decision, nor its prior summary judgment, to be interpreted to mean that it finds that the officer's actions were improper. The Court reminds the parties that it only found that there were material issues of fact about what the officer did or did not do and did or did not say, that precluded summary judgment as to Officer Arambula.

. . . .

. . . .

. . . .

1      IT IS THEREFORE ORDERED that Defendant Clark County School District's
2 Motion for Attorney's Fees (#25) is DENIED.
3      Dated: April 10, 2007.

_____
**Roger L. Hunt**
**Chief United States District Judge**